1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  FRANK ANTHONY CANCHOLA,                    CV F   05  635  OWW SMS P

10                       Plaintiff,           ORDER DISMISSING AMENDED
                                              COMPLAINT WITH LEAVE TO AMEND
11        v.                                  (Doc. 6.)

12                                            ORDER DIRECTING CLERK OF COURT TO
    M.D. FOUCHTS, et. al.,                    SEND PLAINTIFF BLANK CIVIL RIGHTS
13                                            FORM
                         Defendants.
14  _____/

15

16        Frank Anthony Canchola ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant

18  action on May 13, 2005.  Pending before the Court is an Amended Complaint filed on May 27,

    2005.
19

    **A.  SCREENING REQUIREMENT**
20

21        The court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
26

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

4    467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

5    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

6    complaint under this standard, the court must accept as true the allegations of the complaint in

7    question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

8    pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

9    Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10   **B.  SUMMARY OF AMENDED COMPLAINT**

11   Plaintiff alleges that on June 19, 2004, while exiting the dining hall he was assaulted by

12   Correctional Officer M.D. Fouchts.  Plaintiff states that Defendant Fouchts reached into his vest

13   pocket and told him to get into a "search stance."  When Plaintiff made reference to specific rules

14   that had to be followed to conduct a search, Defendant Fouchts responded with verbal hostility,

15   told him that he could do whatever he wanted to, handcuffed him and attempted to push

16   Plaintiff's head into the glass window of the dining hall.  Defendant also "tried to break

17   [Plaintiff's] wrist."  At that time, Defendant Sgt. Cruz exited the program office, walked over to

18   Plaintiff and Defendant Fouchts and instructed Defendant Fouchts to take Plaintiff into the

19   program office.  There Defendant Fouchts slammed Plaintiff into the wall, twisting his wrist and

20   arm in an attempt to break it.  Defendant Fouchts told Plaintiff that he was "beat [his] ass" as he

21   bent his wrist.  Plaintiff heard popping in his wrist.   Plaintiff is requesting that he be awarded

22   monetary damages allowed under the law.

23   **C.  DISCUSSION**

24   *1.  Excessive Force*

25   The use of excessive force by a prison official violates the eighth amendment.  Hudson v.

26   McMillian, 503 U.S. 1, 112 S.Ct. 995  (1992).  Determining whether there has been an eighth

27   amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or

28   restore discipline or maliciously and sadistically for the very purpose of causing harm.' "  See id.

1    at 6 (*quoting* <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21, 106 S.Ct. 1078  (1986)).

2         To prevail on an excessive force claim, an inmate must show the official applied force

3    "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort

4    to maintain or restore discipline." <u>Id</u>. at 4-5, 7, 112 S.Ct.  at 999.  Such factors as the need for

5    the application of the force, the relationship between the need for the application of force and the

6    amount of force used, and the extent of injury inflicted are relevant to the ultimate determination.

7    <u>Whitley v. Albers</u>, 475 U.S. 312, 319, 106 S.Ct. 1078  (1986).   An inmate, however, does not

8    need to have suffered an injury to establish an Eighth Amendment violation.  <u>Hudson</u>, 503 U.S.

9    at 7.

10        The Supreme Court has further held that not "every malevolent touch by a prison guard

11   gives rise to a federal cause of action.  <u>Id</u>. at 9.  "Not every push or shove, even if it may later

12   seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."

13   <u>Id</u>. (*citing* <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2nd Cir. 1973) (*cert. denied sub nom.*

14   <u>Johnson</u>, 414 U.S. 1033 (1973)).  "The Eighth Amendment's prohibition of 'cruel and unusual'

15   punishments necessarily excludes from constitutional recognition <u>de</u> <u>minimis</u> uses of physical

16   force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"

17   <u>Id</u>. at 9-10.

18        In this case, Plaintiff alleges sufficient facts to state a cognizable claim for excessive

19   force against Defendant Fouchts.  However, Plaintiff does not allege sufficient facts against

20   Defendant Cruz to sustain an excessive force claim.

21        The Court notes further that Plaintiff's allegations of verbal threats do not state a

22   cognizable claim for relief under Section 1983.  Threats do not rise to the level of a constitutional

23   violation.  <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).  Similarly, verbal harassment or

24   abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.

25   <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987).

26        ***2. Linkage Requirement***

27        The Civil Rights Act under which this action was filed provides:

28             Every person who, under color of [state law] . . . subjects, or causes

3

1
2
3

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

5   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

6   Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

7   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

8   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

9   in another's affirmative acts or omits to perform an act which he is legally required to do that

10  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

11  Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

12  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

13  federal rights.

14        Here, although Plaintiff successfully states a claim against Defendant Fouchts, he does

15  not link Defendant Cruz to any act or omission giving rise to a constitutional violation.

16  **D.  CONCLUSION**

17        The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim

18  against Defendant Foucths for excessive force.  However, Plaintiff's Complaint does not contain

19  any other cognizable claims for relief.  As such, the Court will grant Plaintiff the opportunity to

20  file a Second Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court

21  in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable.

22  Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in

23  itself without reference to prior pleadings.

24        In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue

25  Findings and Recommendations to dismiss those claims not cognizable.  The Court will then

26  forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to

27  effect service on the Defendants.  Upon the return of these forms, the Court will direct the US

28  Marshal to initiate service of process on Defendants.

1    Based on the foregoing, it is HEREBY ORDERED that:

2    1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

3            complaint form;

4    2.      The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY

5            (30) days from the date of service of this order, Plaintiff SHALL either:

6            a.      File a Second Amended Complaint curing the deficiencies identified by

7                    the Court in this Order, or

8            b.      Notify the Court in writing that he does not wish to file a Second

9                    Amended Complaint and instead wishes to proceed on the cognizable

10                   claims for relief set forth in this Order.

11       Plaintiff is forewarned that his failure to comply with this Order may result in a

12   Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

13   IT IS SO ORDERED.

14   **Dated:      October 4, 2006**                                  **/s/ Sandra M. Snyder**
     icido3                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28